## McKnight v. Wilson Area School District

*Martin Cohen,* for plaintiff.
*Edward Danser,* for defendant.

GRIFO, J., October 30, 1972.—Plaintiff herein, William McKnight, has filed a petition asking this court to order defendant, Wilson Area School District, to disclose to him the new address of his stepdaughter, Sharon Paul.

The uncontroverted facts are that plaintiff, who is the stepfather of Sharon Paul, has supported her for the past five years. The girl's mother, to whom plaintiff is presently married, removed her, along with two other children born of their marriage, from the area, leaving no information as to her whereabouts. Defendant, however, has been informed of the new address in order that it could forward Sharon Paul's records to her new school. Defendant has refused to disclose this information to plaintiff on the grounds that it is confidential information.

It is stated in the Act of June 21, 1957, P. L. 390, sec. 2, 65 PS §66.2, that "Every public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania." Further, at 65 PS §66.4, the legislature has stated that "Any citizen of the Commonwealth of Pennsylvania denied any right granted

to him by section 2 . . . of this act, may appeal . . . to the court of common pleas of the appropriate judicial district if a political subdivision or any agency thereof is involved." That a school is an agency of the Commonwealth is well established: Chartiers Valley Joint Schools v. Allegheny County Board of School Directors, 418 Pa. 520, 211 A. 2d 487 (1965); Barth v. Philadelphia School District et al., 393 Pa. 557, 143 A. 2d 909 (1958). That what we are dealing with here is a public record is established by the Act of March 10, 1949, P. L. 30, §1351, 24 PS §§13-1351 to 13-1355, wherein are enumerated the duties of the divers local school officials to make and keep records of the names and addresses of those children attending their schools. Included among these duties is the reporting of all children who, having enrolled, have subsequently withdrawn from school.

While it is true that the confidentiality of official school records against unwarranted inquiries by disinterested parties serves the public interest, this interest must yield at time to even higher interests. A parent, or one standing in loco parentis, as this plaintiff, has such a higher interest. It is only in exceptional cases that a court should delve into an area such as this. Extreme caution in the exercise of this power is required. Where a parent, and a stepfather, genuinely distressed as to the whereabouts of his stepchild and his children, and unable in any other manner to learn of them, requests this information, it should be provided to him.

Wherefore, the court enters the following

## ORDER

And now, to wit, October 30, 1972, the court grants the prayer of the petition and orders defendant to divulge the requested information.